683 F.2d 864
 29 Fair Empl.Prac.Cas. 1067,
29 Empl. Prac. Dec. P 32,935
Curtis HOLSEY; Jackie L. Drakeford; Julius Frazier; and
Mynell Bennett; Linwood Edwards; Laura Harvey;
Janie Hill, Appellees,
v.
ARMOUR & COMPANY, Appellant.
 Nos. 81-1312, 81-1515.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 11, 1981.
Decided July 23, 1982.
 
 W. R. Loftis, Jr., Winston-Salem, N. C. (W. F. Maready, Petree, Stockton, Robinson, Vaughn, Glaze & Maready, Winston-Salem, N. C., on brief), for appellant.
 J. LeVonne Chambers, Charlotte, N. C. (John T. Nockleby, Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P. A., Charlotte, N. C., on brief), for appellees.
 Before BUTZNER, RUSSELL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Armour & Company appeals from a district court judgment concluding that the company engaged in racially discriminatory practices violative of Title VII, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. Because the district court may have improperly allocated the burden of proof, we vacate the judgment of the district court and remand the case for further proceedings.
 
 
 2
 Following the district court's decision in this case, the Supreme Court clarified the evidentiary burdens in Title VII actions. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The plaintiff must initially establish by a preponderance of the evidence a prima facie case of discrimination. If the plaintiff makes this showing, the burden shifts to the defendant, who must " 'articulate some legitimate, nondiscriminatory reason' " for the action. 450 U.S. at 253, 101 S.Ct. at 1094 (citation omitted). This latter burden, however, is one of production, not persuasion. "It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." 450 U.S. at 254-55, 101 S.Ct. at 1094 (citation, footnote omitted). If the defendant offers a nondiscriminatory explanation for the action, the plaintiff then must show that the proffered reasons are merely "a pretext for discrimination." 450 U.S. at 253, 101 S.Ct. at 1094. Throughout the proceedings, the Court emphasized, "(t)he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." 450 U.S. at 253, 101 S.Ct. at 1094.
 
 
 3
 The district court did not have the benefit of the Supreme Court's recent guidance in Burdine at the time this case was tried. The district court's findings of fact suggest that the burden of proof may have been allocated contrary to the principles of Burdine. For example, in concluding that the company discriminated against black employees in the filling of supervisory positions, the district court made the following finding: "Defendant suggested that (one named plaintiff) lacked aggressiveness but offered no reliable evidence of how (his) lack of aggressiveness was to be measured with the number of junior white employees (who) were promoted over him to supervisory positions." The court also found that junior white employees were promoted to a supervisory position over another black applicant. It added: "Defendant offered no reliable evidence to establish that the employees selected were more qualified or even equally as qualified as (the black applicant)." This language suggests that the district court may have required the company to do more than "articulate a legitimate, nondiscriminatory reason" for their employment decision. It is possible, however, that these findings merely express factors considered in determining that the company's explanations were pretexts for discrimination.
 
 
 4
 The uncertainty surrounding the allocation of the burden of proof in this case is enhanced by the nature of the district court's findings and conclusions. Following the trial, the district court issued a Memorandum of Decision which set forth general reasons for sustaining the plaintiffs' claims and directed the plaintiffs' attorneys to prepare findings of fact and conclusions of law. Thereafter, plaintiffs' counsel filed an extensive document which, over the objections of the defendant, was adopted by the district court with immaterial changes.
 
 
 5
 In the past we have cautioned against the practice of adopting in this manner the prevailing party's proposed findings and conclusions. White v. Carolina Paperboard Corp., 564 F.2d 1073, 1082-83 (4th Cir. 1977); Chicopee Manufacturing Corp. v. Kendall Company, 288 F.2d 719, 724-25 (4th Cir. 1961). The adversarial tone of such findings accords them less "weight and dignity (than) ... the unfettered and independent judgment of the trial judge." The SEVERANCE, 152 F.2d 916, 918 (4th Cir. 1945). Moreover, in this case the practice increased the ambiguity surrounding the district court's allocation of the burden of proof.
 
 
 6
 Because we are unable to properly assess the district court's findings, we vacate the judgment of the district court and remand the case for further proceedings. On remand, the district court should reconsider the case in light of the principles announced in Burdine, White, Chicopee, and The SEVERANCE.
 
 
 7
 VACATED AND REMANDED.
 
 SPROUSE, Circuit Judge, dissenting:
 
 8
 I respectfully dissent.
 
 
 9
 The majority succinctly and correctly explicates the evidentiary analysis required by Burdine. I, of course, agree with the majority that if the district court had imposed upon the defendant the burden of persuasion on the issue of whether Armour had legitimate, nondiscriminatory reasons for its contested actions, such a ruling would require reversal. In my view, however, the district court's opinion properly placed upon the plaintiffs the ultimate burden of persuading the court that Armour was guilty of discriminatory practices.
 
 
 10
 Armour contends that several of the district court's findings of fact indicate that the burden of persuasion was shifted from the plaintiffs to the defendant, in contravention of Burdine. However, as the majority concedes, the findings of which Armour complains are fairly susceptible to two interpretations. If these findings are viewed as evidence that Armour was required to do more than meet a burden of production, Burdine was, of course, violated. But, they also can be viewed as indicia that the district court properly considered all the evidence offered by the defendant, along with that offered by the plaintiffs, in determining whether the plaintiffs successfully demonstrated that the reasons advanced by Armour were pretextual. This would be entirely in accord with the Burdine analysis.
 
 
 11
 The majority concludes that this perceived ambiguity with respect to several of the district court's findings requires that the judgment of the court be vacated. If the disputed findings were standing alone, this analysis might well be correct. Viewed in its entirety, however, the district court opinion indicates that the court properly considered the burden of persuasion to at all times be upon the plaintiff. In specifically drawn conclusions of law, the district court set out the defendant's burden once the plaintiff had established a prima facie case: "(T)he Company need only offer a reasonable, non-racial explanation for its practices and does not assume the burden of proof...." This analysis clearly is in accord with the teaching of Burdine. The district court, after reviewing the evidence presented by both plaintiffs and defendant, concluded that Armour's explanations for its conduct were pretextual and that plaintiffs "carried their burden of establishing liability." This too is in accord with the Burdine analysis.
 
 
 12
 In my view, to conclude that the district court opinion evinces "uncertainty surrounding the allocation of the burden of proof" is to deny all meaning to the court's clear and unequivocal statements. The better approach is to give credence to all of the district court's findings by construing those few specific findings the majority finds ambiguous in harmony with the court's other, unambiguous pronouncements on the allocation of the burden of proof.
 
 
 13
 It is true that the district court opinion, even when viewed in its entirety, does not reflect every nuance of the Burdine analysis. The accident of chronology obviously made it impossible for the district court to track exactly the language of Burdine -a handicap suffered by every pre-Burdine opinion. Burdine, however, plowed no new sod; its principal contribution was to clarify the evidentiary analysis previously established in Title VII cases. Burdine emphatically requires that the burden of persuasion remain at all times with the plaintiff; it does not require reversal of all district court decisions which do not track precisely the Burdine language.
 
 
 14
 We should not view district court decisions, even those from the pre-Burdine era, with an uncritical eye. Neither should we, in the interest of clarity, strain to find ambiguity where none exists. The district court said that Armour "does not assume the burden of proof" and each of its findings of fact and conclusions of law is consistent with this statement. Therefore, as the district court did not incorrectly allocate the ultimate evidentiary burden, I must respectfully dissent.